**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE DESRAVINES o/b/o JIOVANNY**
**DESRAVINES, ROOSEVELT**
**DESRAVINES, ONEAL DESRAVINES,**
**and PETERSON DESRAVINES,**

                  **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　Case No.  **6:10-cv-1773-Orl-31DAB**

**ORANGE COUNTY SHERIFF'S OFFICE;**
**LARRY CLIFTON; WAL-MART; STATE**
**ATTORNEY'S OFFICE; MARTINA**
**HERRETES; JUDGE JERRY L. BREWER;**
**Z LAW FIRM, L.L.C.; MICHAEL**
**ZMIJEWSKI; HIRAM MORALES; JOHN**
**DOES; and JANE DOES,**

                  **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　　**TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**　　　**November 29, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      In this suit arising out of a shoplifting incident and arrests at a Wal-Mart store, Plaintiff Jose Desravines putatively brings suit on behalf of his children, three of whom were juveniles at the time

of the arrest[1], and one of whom was an adult, Roosevelt Desravines[2]. He has filed a two-count civil rights action against Wal-Mart, the Wal-Mart security guard, the Orange County Sheriff's Office, the arresting officer, and the individuals involved in the prosecution of the criminal shoplifting charges in state court – the prosecutor, state court judge, and the private defense attorney – along with unidentified Doe Defendants. According to the Complaint, the only adult present during the incident, Roosevelt Deravines, was subsequently prosecuted and convicted on criminal charges and he was sentenced to jail. The Complaint alleges that the three juveniles were charged with petty theft, but *nolle prosequi* was eventually entered on the charges against each of them. Doc. 1.

In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, in order to proceed *in forma pauperis*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts and the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Plaintiff fails to allege a non frivolous cause of action within the limited jurisdiction of the federal court. Alternatively, pursuant to the controlling Supreme Court authority, the Court is without jurisdiction over Roosevelt's claims which essentially seek review of a state-court criminal conviction against him.

---

[1] Plaintiff Jose Desravines putatively represents Jiovanny Desravines, Oneal Desravines, and Peterson Desravines, who were teenagers and charged as juveniles at the time of the incident on November 29, 2008, but may be adults by the time the Complaint was filed. *See* Doc. 1 at 5. It is not apparent from the Complaint that Jose Desravines was present during the shoplifting incident or that he was personally charged with any crime.

[2] The Complaint refers to Roosevelt Desravines in the third person and the first person.

The Complaint alleges two civil rights claims pursuant to 42 U.S.C. § 1983 for false arrest, and "detention and confinement"[3] for the shoplifting detention at Wal-Mart, the arrests of the four individuals, and the subsequent prosecution of the criminal charges against them. The Complaint also asserts a claim for violation of Roosevelt's equal protection and due process rights against state Judge Jerry L. Brewer, who (according to the Complaint) sentenced Roosevelt Desravines to serve time for the theft conviction. Following Roosevelt's conviction, he filed a motion for new trial and notice of appeal, which are pending, according to the Complaint. Doc. 1 at 9.

For various reasons, it is respectfully **RECOMMENDED** that the Application to Proceed In Forma Pauperis be denied without prejudice as to Jose Desravines o/b/o the three Desravines juveniles (Jiovanny, Oneal, and Peterson Desravines), and denied with prejudice as to Roosevelt Deravines' application to proceed IFP. It is further respectfully **RECOMMENDED** that the Complaint be dismissed; and Jiovanny Desravines, Oneal Desravines, and Peterson Desravines **only** be granted leave to file an amended complaint and amended application to proceed in forma pauperis within 14 days of any order adopting this recommendation.

### *ROOSEVELT'S CLAIMS*

Roosevelt's claims, though confusingly pled, appear to be directed to his arrest and theft conviction for which he has served his time. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[3] Plaintiffs also cite a laundry list of other § 1983 violations, including "strip search," conspiracy, and "refusing or neglecting to prevent", and related state torts of malicious prosecution, malicious abuse of process, false arrest, false imprisonment, kidnapping, illegal seizure, fraud, "misrepresentation fraudulent," misrepresentation negligence, injurious falsehood, defamation libel, defamation slandered, defamation per se, slander of title, "negligence retention," conspiracy, negligent and intentional infliction of emotional distress, negligence and economic crime. However, they fail to allege any supporting facts particular to these other 25 items on the list and/or list them as counts in the Complaint. Doc. 1. Plaintiff's cite a violation of "Mass. Civil Rights Act (M.G.L. c. 12, sec. 111)" for some reason unclear to the Court. Doc. 1 at 2.

42 U.S.C. § 1983.

The Complaint indicates that Roosevelt's theft conviction has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of the writ of habeas corpus. Doc. 1. As Roosevelt is seeking compensatory and punitive damages ($100,000 for each), it appears that his claims in this action are precluded from review by the decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, a state prisoner filed a § 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which has as a required element that the accused prove the termination of the prior criminal proceeding in favor of the accused. 512 U.S. at 484, 114 S.Ct. at 2371. The Supreme Court opined:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed (footnote omitted), in the absence of some other bar to the suit (footnote omitted).

*Id.* at 486-87, 114 S.Ct. at 2372-73 (emphasis added).

The *Heck* decision requires a plaintiff in a § 1983 action who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," to make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87, 114 S.Ct. at 2372. If a plaintiff fails to make this showing, then no cause of action under § 1983 exists. *Id.* at 489, 114 S.Ct. 2373. If, in a § 1983 action, a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. *Id.* at 487, 114 S.Ct. at 2374.

Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy *Heck*'s favorable termination requirement. *See, e.g., Gray v. Kinsey*, No. 3:09-cv-324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by *Heck's* favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court); *Domotor v. Wennet*, 630 F. Supp.2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" because Plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); *St. Germain v. Isenhower*, 98 F. Supp. 2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by *Heck*). While the determination of whether a disposition is 'favorable' may be complex,

generally, "only terminations that indicate the accused is innocent outright ought to be considered favorable." *St. Germain*, 98 F. Supp. 2d at 1371 (citing *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998).

In the present action, Roosevelt has not shown that his conviction or sentence has been reversed, expunged, declared invalid by an appropriate state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus; in fact, the Complaint says that his criminal conviction is still on appeal. Doc. 1. Accordingly, any damages claims that would invalidate Plaintiff's convictions or sentences if the Court were to rule favorably upon them would be precluded by the *Heck* decision because Plaintiff has failed to establish that his convictions or sentences have been invalidated in a manner prescribed by *Heck*. As a result, Plaintiff's damages claims should be dismissed because the Court is without jurisdiction under *Heck*, or because they are premature until his appeal is final. *See, e.g., Weaver v. Geiger*, 294 Fed.Appx. 529, 534, 2008 WL 4356267, 3 (11th Cir. 2008) (affirming the district court's rejection of civil rights plaintiff's malicious prosecution claim based on *Heck*, noting that he had presented no evidence showing that his conviction had been called into question, thus making such a motion premature).

Alternatively, pursuant to the *Rooker-Feldman* doctrine, the Court is without jurisdiction over Roosevelt's claims which essentially seek review of a state-court criminal conviction against him. Federal courts generally cannot review state court proceedings, since the federal courts are not a forum for appealing state court decisions. *Hays v. Hays*, 789 F.Supp. 378, 379-380 (M.D. Fla. 1992) (citing *Staley v. Ledbetter*, 837 F.2d 1016, 1017-1018 (11th Cir. 1988) (district court lacked jurisdiction to hear a constitutional claim which essentially sought to reverse a state court's custody determination)). The United States District Court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States

Supreme Court]." *District of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923). Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See *Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995)(quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)).

### *CLAIMS OF OTHER INDIVIDUALS WHO WERE NOLLE PROSSED*

Three other individuals, Jiovanny Desravines, Oneal Desravines, and Peterson Desravines, had *nolle prosequi* entered on the charges against them (the "Nolle Pros Plaintiffs"). The Eleventh Circuit has held that where a claim is nolle prossed, a false arrest claim is not barred by *Heck*. *See Simpson v. Stewart*, No. 09-11647, 2010 WL 2712129, \*1 (11th Cir. July 9, 2010). The civil rights claims of the Nolle Pros Plaintiffs, Jiovanny Desravines, Oneal Desravines, and Peterson Desravines, are not barred against the Sheriff's Office or the officers. However, there are other issues as to these claims as they are pled in the Complaint because some Defendants are immune from suit or cannot be sued for civil rights violations. In addition, the IFP application cannot be filed for all of the Plaintiffs on one form, but must be completed on an individual basis, and it is **RECOMMENDED** that the Nolle Pros Plaintiffs be ordered to file an amended complaint and an amended IFP Application within 14 days of an order adopting this Report and Recommendation.

### *CLAIMS AGAINST THE STATE JUDGE AND PROSECUTOR*

As to the claims against the state court judge and the prosecutor, both are immune from suit, and the Nolle Pros Plaintiffs cannot bring claims against them because the judge and prosecutor are immune from such relief. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.2000) (per curiam); *Sun v. Forrester*, 939

F.2d 924, 925 (11th Cir. 1991). Such immunity protects judges from liability for damages unless the judge acts in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Similarly, "[a] prosecutor is entitled to absolute immunity from suit for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). When a plaintiff fails to offer facts or law to support allegations that the judge or prosecutor are acting outside the scope of their normal judicial functions, or doing anything other than normal judicial or prosecutorial functions, they are entitled to absolute immunity. *See Weaver,* 294 Fed.Appx. at 534. Thus, Plaintiffs cannot bring any claims against Judge Brewer or the state prosecutor, Harretes, under the facts alleged and these claims must be dismissed.

### *NOLLE PROS PLAINTIFFS CANNOT ASSERT CIVIL RIGHTS CLAIMS AGAINST WAL-MART, ITS SECURITY GUARD, OR THE PRIVATE DEFENSE ATTORNEY*

Plaintiffs assert that Wal-Mart and its security guard violated 42 U.S.C. § 1983 by "arresting" and "confining or defining" them. As is plain from the statute, § 1983 only applies against those who act under the color of law. In order "[t]o establish a claim under 42 U.S.C. § 1983, [plaintiff] must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.2005) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). Defendants acting under color of state law are "clothed with the authority of state law," *West*, 487 U.S. at 49 (citations omitted), and their "deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Plaintiffs have not alleged that Wal-Mart, a private corporation, or its employees, were state actors. "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992). To find Defendant

Wal-Mart a state actor, this Court must find either: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise.' ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Commc'n Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). None of those factors have been alleged by the Nolle Pros Plaintiff in their Complaint. Note that the unavailability of a federal civil rights claim does not preclude these plaintiffs from pursuing an action in state court based on Florida tort law.

For the same reason, Plaintiffs claims against the private defense attorney[4] would be barred. A defense attorney, whether court-appointed or privately retained, represents only his client, not the state. *Polk County v. Dodson*, 454 U.S. 312 (1982). Thus, a defense attorney does not act "under color of state law," a critical element of a § 1983 claim. Since the private defense attorney is not a state actor, Plaintiffs cannot state a claim against him under § 1983 in federal court[5].

---

[4] It is not clear if the defense attorney solely represented Roosevelt or some of the other Plaintiffs. *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defenders are not "state actors" for 42 U.S.C. § 1983 purposes).

[5] To the extent Plaintiffs assert other tort claims (such as malpractice) against the private defense attorney, those would predominate and should be asserted in state court. Title 28, United States Code, Section 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. *See Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1562 n.3 (11th Cir. 1994). Section 1367(c) lists specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. One of those circumstances is when the state claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." § 1367(c)(2).

### *JOSE DESRAVINES CANNOT REPRESENT HIS CHILDREN IN LITIGATION*

Based on the allegations in the Complaint, Jose Desravines was not arrested and was not present at the incident so he does not have standing to bring a civil rights claim against the Sheriff's Department or the arresting officer. Jose Desravines appears to be seeking redress for actions done to others in his family arising from the shoplifting incident. However, he is not authorized to represent the interests of the Plaintiffs, even if minor children (and were minors at the time of the arrest). Under Eleventh Circuit law, a parent does not have the right to bring a pro se action on his child's behalf: "[W]e are compelled to follow the usual rule – that parents who are not attorneys may not bring a pro se action on their child's behalf – because it helps ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents."), *see Devine v. Indian River County School Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled on other grounds by Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007). In addition, under Florida law, parents as natural guardians (with certain exceptions not relevant here) are authorized to negotiate settlements of any claim or cause of action accruing to their minor children but only up to a limit of $15,000. Fla. Stat. § 744.301. To the extent any of the "Nolle Pros Plaintiffs" were still juveniles at the time the Complaint was filed and could not proceed *pro se*, they would have to be represented by an attorney admitted to practice in this Court.

## SUMMARY OF RECOMMENDATIONS

It is respectfully **RECOMMENDED** that, to the extent Plaintiff Roosevelt Desravines seeks to proceed on his § 1983 claims without payment of fees, his application to proceed be denied because he fails to state a claim upon which relief may be granted.

It is further respectfully **RECOMMENDED** that, to the extent Plaintiffs Peterson Desravines, Oneal Desravines and Jiovanny Desravines seek to proceed on their § 1983 claims without payment

of fees, they be granted leave to file an amended complaint within 14 days that asserts § 1983 claims **only** against the Orange County Sheriff's Office and the arresting officer, and does not assert § 1983 claims against Wal-Mart, its security guard, the state judge, prosecutor, or defense attorney.

It is respectfully **RECOMMENDED** that the current Motion for IFP – filed by Jose Desravines – be **DENIED** in that he does not have standing to bring a claim on his own behalf. To the extent Plaintiffs Peterson Desravines, Oneal Desravines and Jiovanny Desravines are granted leave to amend their Complaint to assert claims against the Sheriff's Office and the arresting officer, **it is respectfully recommended that they also** be granted leave to file within 14 days their own separate, individual applications to proceed in forma pauperis stating their individual incomes and assets.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 15, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy